### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID J. BROWN, et al., )<br>)<br>Defendants. ) | Case No. 20-cv-2355-EFM-TJJ |

### ORDER

This matter is before the Court on Plaintiff's Motion for Leave of Court to Proceed Against Anonymous Defendant (ECF No. 4). In the caption of its Complaint for Declaratory Relief, Plaintiff has identified by name four Defendants—two individuals and two businesses. However, Plaintiff wishes to proceed against the fifth Defendant with the identification of "Jane Doe, Plaintiff in Johnson County, Kansas Case No. 19CV06597." Upon consideration of the matter, the Court finds the motion should be granted.

Plaintiff brings this action for declaratory relief regarding whether insurance coverage is afforded by a homeowner's insurance policy issued by Nationwide. Defendants David J. Brown and Lucilla H. Brown are named insureds under the policy, while the two entity Defendants are alleged to be businesses owned or operated by David J. Brown and Lucilla H. Brown. Defendant Jane Doe is the plaintiff in a pending civil suit filed against the four other Defendants in the District Court of Johnson County, Kansas ("the underlying litigation"), in which she seeks damages arising out of alleged sexual abuse and prescription drug distribution by David J. Brown, who held himself out as a substance abuse counselor. Jane Doe has requested and been granted leave to proceed anonymously in the underlying litigation.

Plaintiff asserts that Defendant Jane Doe is a required party to this action under Federal Rule of Civil Procedure 19(a)(1), as she is the plaintiff in the underlying litigation and thus claims an interest in the subject matter of this action, *i.e.* the availability of insurance coverage. Plaintiff also asserts that, contrary to the directive of Federal Rule of Civil Procedure 10(a) that the case caption "name all the parties," the underlying action involves claims of a highly sensitive and personal nature such that the need for party anonymity outweighs the presumption of openness that applies in federal court.[1]

The Court agrees. The District Court of Johnson County has determined that Jane Doe may proceed under a pseudonym in the underlying litigation, where she is the plaintiff. Nationwide asserts that Jane Doe's identity is known to the parties to this action,[2] which puts them at no disadvantage. And because the underlying litigation is also identified by case number and court, the public has the opportunity to review the filings in that case.

While maintaining the transparency of the judicial process to bolster the public's faith and confidence is an important consideration, the Court finds that it is outweighed, in this instance, by the need to protect the party's privacy interest. Given that this action addresses insurance coverage for alleged sexual abuse and other conduct directed to Jane Doe by one or more of the other Defendants, the Court finds that it involves matters of a "highly sensitive and

---

[1] *See M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (considering whether a plaintiff should be permitted to proceed anonymously and finding it permissible only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity).

[2] *See* Complaint for Declaratory Judgment (ECF No. 1) at 1 n.1.

personal nature" that outweigh the public's right to know her identity. The Court concludes that Plaintiff's request to proceed against Jane Doe under a pseudonym should be allowed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave of Court to Proceed Against Anonymous Defendant (ECF No. 4) is granted.

**IT IS FURTHER ORDERED** that Defendant Jane Doe will be identified in this action using the pseudonym "Jane Doe, Plaintiff in Johnson County, Kansas Case No. 19CV06597" for purposes of the public record.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file under seal a request for summons for Jane Doe, Plaintiff in Johnson County, Kansas Case No. 19CV06597.

**IT IS SO ORDERED**.

Dated this 28th day of August, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge